IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | Case No. 1:02-CR-90(2) |
| § | |
| JEREMY JOSEPH CARRON § | |

**ORDER ON MOTION TO SET SCHEDULE OF PAYMENTS**

Before the court is defendant's motion to set a definite schedule of fine payments [Doc. #97]. The court has considered the motion and the pleadings and papers on file and has determined that the motion should be **DENIED**.

At a sentencing hearing on June 5, 2003, the court sentenced defendant to a term of imprisonment of 112 months, a fine of $15,000, and a special assessment of $100. The court ordered that the payments were to "begin immediately." The court recommended that defendant participate in the Inmate Financial Responsibility Program at a rate determined by the Bureau of Prisons' staff in accordance with the Inmate Financial Responsibility Program.

Defendant asserts that he "is a responsible individual" and that he and his family do not need or desire any assistance in developing a financial plan. He proposes that he make monthly payments of $25 per month directly to the United States District Court Fine and Restitution Section. However, Code of Federal Regulations, § 545.10 and §545.11 provide that inmates with a financial obligation shall be assisted by prison staff to develop a financial plan, and that the inmate is responsible for making satisfactory progress in meeting his financial responsibility. Refusal of an inmate to participate in the financial responsibility program or to comply with the provision of his financial plan "ordinarily shall result in . . ." denial of furlough, denial of

performance pay above the maintenance pay level, denial of assignment to work details outside the secure perimeter of the facility, a limit on monthly commissary spending, housing in the lowest housing status, and denial of other privileges.

The United States Department of Justice Federal Bureau of Prisons program statement, "Financial Responsibility Program, Inmate" 1/3/2000, outlines in detail the rules implementing the requirements of the cited divisions of the Code of Federal Regulations.

Defendant has not contested or appealed the amount of the fine. Defendant has not established any reason for special treatment, or for relief from the requirement to participate in the Inmate Financial Responsibility Program, other than his desire to make voluntary payments of $25. Based upon the amount of the fine and the length of his sentence, defendant's monthly payments would be closer to $60 per month to ensure payment in full by the end of the sentence. The court understands that the Financial Responsibility Program for defendant requires that he pay $50 per month. In short, it seems that defendant simply wishes to pay less. This is not a good basis for granting defendant's motion.

It is, therefore, **ORDERED** that defendant's Motion to Set Definite Schedule of Payments of Fine to the U. S. District Court Fine & Restitution Section, P. O. Box 570, Tyler, TX 75710 [Doc. #79] is **DENIED**.

So **ORDERED** and **SIGNED** this **22** day of **April, 2005.**

_____
Ron Clark, United States District Judge